1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   OSCAR MACHADO,                          No.  2:19-cv-0997 TLN AC P

11                   Petitioner,

12        v.                                 FINDINGS AND RECOMMENDATIONS

13   J.A. LIZARRAGA,

14                   Respondent.

15

16        Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.  ECF No. 1.  The matter was referred

18   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19   For the reasons stated below, the undersigned will recommend that the petition be dismissed.

20        I.     THE PETITION

21        Petitioner challenges two prison disciplinary findings that resulted in the loss of good time

22   credits, allegedly affecting the duration of his custody.  ECF No. 1.  Both disciplinary

23   proceedings occurred while petitioner was incarcerated at Mule Creek State Prison, and both

24   arose from the same incident in which petitioner was found to be in possession of a suspicious

25   substance following a visit.  The first violation proceeding involved a single charge of alcohol use

26   based on a positive urinalysis.  Id. at 192.  The initial report of that violation also included the

27   allegation that contraband testing "presumptive positive" for methamphetamine had been found

28   on petitioner's person.  Id. at 189.  The second disciplinary proceeding was based on the

1

contraband, following laboratory testing.  Id. at 204, 209.  Petitioner was charged with distribution of a controlled substance.  Id. at 235.  Petitioner was found guilty of the alcohol infraction at the first hearing and assessed 30 days of credit.  Id. at 35.  He was found guilty of the contraband charge at the second hearing and lost another 180 days of credit.  Id.

The federal petition presents four claims, which are separately addressed below.  In sum, petitioner alleges that the adverse disciplinary findings were unsupported by evidence in violation of due process, and that the procedural due process protections applicable to prison disciplinary proceedings were not honored.  See Superintendent v. Hill, 472 U.S. 445 (1985) (disciplinary findings must be supported by "some evidence"); Wolff v. McDonnell, 418 U.S. 539 (1974) (establishing process due for disciplinary forfeiture of credits affecting length of custody).

II.    SCREENING

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to:  (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground, and (3) state the relief requested.  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner.  See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a

1   short and plain statement . . . .   Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a

2   more detailed statement.")  Allegations in a petition that are vague, conclusory, or palpably

3   incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant

4   relief and are subject to summary dismissal.  See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205

5   (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

6        III.   DISCUSSION

7        A.  General Considerations

8        Accepting the allegations of the petition as true, the revocation of petitioner's good time

9   credits directly affected the duration of his custody.  Accordingly, petitioner's challenges to the

10  constitutional validity of the proceedings come within the core of habeas corpus and this court has

11  jurisdiction.  See Nettles v. Grounds, 830 F.3d 922, 928 (9th Cir. 2016); Preiser v. Rodriguez, 411

12  U.S. 475, 487 (1973).

13       Petitioner specifically alleges that he exhausted his state court remedies as to Claims One

14  and Two, and that exhaustion is not applicable to Grounds Three and Four.  ECF No. 1 at 5, 7, 9,

15  10.  Exhaustion is a necessary condition precedent to federal habeas relief.  28 U.S.C. §

16  2254(b)(1)(A).  However, the requirement is not jurisdictional and unexhausted claims may be

17  denied on the merits.  § 2254(b)(2).  Because petitioner's claims must be summarily denied on the

18  merits for the reasons explained below, the exhaustion issues need not be addressed.

19       B.  Claim One

20       In Claim One, petitioner contests the outcome of his second disciplinary hearing.  He

21  alleges that no evidence supported the finding that he was guilty of drug distribution, and he

22  argues that the state courts' denial of his state habeas petition on this ground was contrary to or

23  involved an unreasonable application of Superintendent v. Hill, supra, and Wolff v. McDonnell,

24  supra.  ECF No. 1 at 26, 31.

25       This claim fails as a matter of law because the Constitution requires only that the

26  disciplinary finding be based on "some evidence."  See Superintendent v. Hill, 472 U.S. at 454.

27  The reliability, weight, and interpretation of the evidence is not judicially reviewable.  See id.

28  The attachments to the petition include statements of the evidence relied upon by the hearing

3

1  officer.  ECF No. 1 at 241 (evidence of contraband that was used to support the findings).  The

2  cited incident reports, photographs, and laboratory results indisputably constitute "some

3  evidence" of guilt.[1]

4          To the extent that petitioner argues the evidence supported a finding of possession rather

5  than distribution, see id. at 31 (highlighting absence of "pay/owe sheets" and other direct

6  evidence of trafficking), he fails to state a claim because an inference of intent to distribute from

7  the evidence of introduction of drugs into the prison is not reviewable under Hill.  Petitioner's

8  reliance on the preponderance of evidence standard prescribed in Cal. Code of Regs. Title 15, §

9  3320 (see ECF No. 1 at 26) is also unavailing, because federal habeas relief is available only for

10  violation of federal constitutional rights.  See 28 U.S.C.  2254(a); see also Middleton v. Cupp,

11  768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief unavailable for alleged error under state law).

12  It is the Supreme Court's holding in Hill, not Title 15, which defines the parameters of

13  petitioner's federal constitutional rights.

14          Petitioner's argument about the state court's unreasonable application of federal law, ECF

15  No. 1 at 26, goes to the statutory limitations on federal habeas relief.  See § 2254(d).  Where a

16  state court has denied a federal claim, federal relief is precluded unless the state court's judgment

17  was not merely wrong but objectively unreasonable in light of governing U.S. Supreme Court

18  precedent.  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).  Petitioner has attached the written

19  opinion of the Amador County Superior Court, denying his sufficiency of the evidence claim

20  under the standard required by Hill.  ECF No. 112-113 (Exhibit B to petition).  The superior court

21  relied on the statement of evidence by the hearing officer to find the "some evidence" standard

22  satisfied.  Id.  There is nothing objectively unreasonable about this finding, which means that

23  federal relief is barred by § 2254(d).

24          Given the allegations of the petition and the attached record of the disciplinary

25  proceedings, petitioner cannot prevail on a challenge to the disciplinary findings under

26  Superintendent v. Hill.  Accordingly, summary denial of this claim is appropriate.

27

28

[1]  The finding of alcohol use at the first hearing is similarly supported by "some evidence" in the form of urinalysis results.  See ECF No. 1 at 196.

To the extent this claim also references petitioner's allegations of procedural due process violations under Wolff, those issues are addressed below.

C.   Claim Two

Claim Two alleges that correctional officers Hymas and Bacca, who were involved in bringing the disciplinary charges against petitioner, participated in the hearing in violation of state and federal law.  ECF No. 1 at 32-34.  Petitioner contends that he had a right to an impartial decision maker, and that the officers' presence violated California Code of Regulations, Title 15 §§ 3313(b) and 3320(h) and the Due Process Clause of the Fourteenth Amendment.  ECF No. 1 at 32-34.

With respect to prison disciplinary proceedings that include the loss of good-time credits, due process requires that the inmate receive (1) twenty-four-hour advanced written notice of the charges against him; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence where doing so will not jeopardize institutional safety or correctional goals; (4) assistance at the hearing if he is illiterate or if the matter is complex; and (5) a sufficiently impartial fact finder.  Wolff, 418 U.S. at 363-371.

Petitioner's allegations and the attached record of the disciplinary proceedings establish that the officers were present, but not that they participated in fact finding.  To the contrary, the Hearing Officer, who was solely responsible for the determination of guilt, was Lt. Sherrin.  ECF No. 1 at 34, 243.  Petitioner's conclusory allegation that Officers Hyman and Bacca "deliberated," id. at 34, is unsupported by specific facts and is contradicted by the attached record.  Because the officers were not adjudicators, their presence and participation cannot have violated Wolff's guarantee of an impartial decision maker.  Petitioner's argument that the mere presence of the officers was forbidden by Title 15, ECF No. 1 at 34, cannot establish a due process violation as a matter of law for the reasons previously explained.

D.   Claim Three

In Claim Three, petitioner alleges that his due process rights were violated by the pursuit of two separate rules violations proceedings arising out of the same incident.  He contends that he

5

was illegally subjected to "multiple punishment" in violation of California Penal Code § 654, and that the imposition of separate credit forfeitures of 30 days and 180 days violated California penal Code § 2932(b) (limiting credit loss to 180 days for a "single act of misconduct").  ECF No. 1 at 35-36.

Petitioner cannot state a cognizable claim for federal habeas relief on this basis. Violations of state law cannot be remedied in federal habeas.  See Pulley v. Harris, 465 U.S. 37, 41 (1984).  The federal constitutional rights that apply in the prison disciplinary context are limited to those recognized by Hill and Wolff, neither of which address the separate charging of distinct rules violations that occurred at the same time or in relation to one another.  Moreover, the statutory limitations on federal habeas relief defeat all claims for which the United States Supreme Court has not announced the governing constitutional principle on which petitioner relies.  See Wright v. Van Patten, 552 U.S.120, 125 (2008).  The Supreme Court has never held that separate prison disciplinary proceedings or punishments for related acts of misconduct violate due process.  Accordingly, petitioner cannot obtain relief on Claim Three.

E.  Claim Four

Claim Four does not allege any additional violation of petitioner's rights, it seeks specified forms of relief (restoration of lost credit and a new disciplinary hearing with an impartial decision-maker and a single charge).  ECF No. 1 at 36.  Accordingly, it not actually a claim but a prayer for relief.  Because Claims One through Three do not provide any basis for relief under § 2254, Claim Four must be disregarded.

CONCLUSION

For the reasons explained above, "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Habeas Rules Governing Section 2254 Cases.  Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.  The petition be SUMMARILY DISMISSED pursuant to Rule 4 of the Habeas Rules Governing Section 2254 Cases; and

2.  The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

1       These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days

3   after being served with these findings and recommendations, petitioner may file written

4   objections with the court.  Such a document should be captioned "Objections to Magistrate

5   Judge's Findings and Recommendations."  If petitioner files objections, he shall also address

6   whether a certificate of appealability should issue and, if so, why and as to which issues.  <u>See</u> 28

7   U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time

8   may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

9   Cir. 1991).

10   DATED: May 9, 2023

11

12   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28